**Waver Henry PADGETT,
et al., Plaintiffs,**

v.

**CH2M HILL SOUTHEAST, INC.,
et al., Defendants.**

**C.A. 93–98–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Oct. 25, 1994.

---

J. Converse Bright, Valdosta, GA, for Waver Henry Padgett and Gerlinda Padgett.

Devin M. Ehrlich, Jay Michael Barber, Atlanta, GA, for CH2M Hill Southeast, Inc. and Roger Yorton.

George T. Talley, Valdosta, GA, for Michael McMurray and Wayne Hansen.

1. Defendant Roger Yorton is an engineer em-

Devin M. Ehrlich, Jay Michael Barber, Atlanta, GA, George T. Talley, Valdosta, GA, for EIC Elkins Constructors, Inc.

## ORDER

OWENS, Chief Judge.

Before the court is defendants CH2M Hill Southeast Inc. and Roger Yorton's motion for summary judgment. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

On February 15, 1991, EIC Elkins Constructors Inc. ("Elkins") entered into a contract with the City of Valdosta, Georgia for the construction of a water treatment plant. The water treatment plant had been designed for the City of Valdosta by CH2M Hill Southeast Inc. ("CH2M Hill"). The contract between Elkins and the City of Valdosta provided that CH2M Hill was to serve as the engineer on the construction project.[1]

The contract between Elkins and the City of Valdosta provides, in part:

25. AUTHORITY OF THE ENGINEER. The Engineer will be the Owner's representative during the construction period. His authority and responsibility will be limited to the provisions set forth in these Contract Documents. The Engineer will have the authority to reject work which does not conform to the Contract Documents. However, neither Engineer's authority to act under this provision, nor any decision made by him in good faith either to exercise or not to exercise such authority, shall give rise to any duty or responsibility of the Engineer to the Contractor, any Subcontractor, their respective Sureties, any of their agents or employees, or any other person performing any of the work.

26. DUTIES AND RESPONSIBILITIES OF THE ENGINEER. The Engineer will make visits to the site at intervals appropriate to the various stages of construction to observe the progress and qual-

ployed by CH2M Hill.

ity of the work and to determine, in general, if the work is proceeding in accordance with the intent of the Contract Documents. He will not make comprehensive or continuous review or observation to check quality or quantity of the work, and **he will not be responsible for construction means, methods, techniques, sequences, or procedures, or for safety precautions and programs in connection with the work. Visits and observations made by the Engineer shall not relieve the Contractor of his obligation to conduct comprehensive inspections of the work and to furnish material and perform acceptable work, and provide adequate safety precautions,** in conformance with the intent of the Contract....

27. LIMITATIONS ON ENGINEER'S RESPONSIBILITIES. **Engineer will not be responsible for Contractor's means, methods, techniques, sequences or procedures of construction, or the safety precautions and programs incident thereto,** and Engineer will not be responsible for Contractor's failure to perform or furnish the work in accordance with the Contract Documents.

. . . . .

42. SAFETY. **The Contractor shall be solely and completely responsible for conditions of the job site, including safety and all persons (including employees) and property during performance of the work.** This requirement shall apply continuously and not be limited to normal working hours....

The Contractor shall develop and maintain for the duration of this Contract, a safety program that will effectively incorporate and implement all required safety provisions....

The duty of the Engineer to conduct construction review of the work does not include review or approval of the adequacy of the Contractor's safety program, safety supervisor, or any safety measures taken in, on or near the construction site....

On December 14, 1992, a defect was discovered in a flap valve located in a closed chamber of the water treatment plant. To correct the faulty valve, Elkins hired Waver Henry Padgett to weld the valve shut. In order to reach the faulty valve, Padgett was required to descend into the closed chamber. The chamber, however, was filled with oxygen-rich air as a result of the ozone generators used to purify water in the chamber. Accordingly, when Padgett attempted to weld the valve shut, an explosion occurred. Padgett was subsequently taken to a hospital where he was treated for burns.

On February 16, 1993, Padgett and his wife, Gerlinda Padgett, brought suit against Elkins in the Superior Court of Lowndes County, Georgia. Elkins moved for summary judgment on the basis that Elkins was Padgett's statutory employer and had paid worker's compensation benefits to Padgett. The court granted Elkins' motion on August 24, 1993.

On October 5, 1993, the Padgetts brought suit in this court against CH2M Hill, Roger Yorton, Michael McMurray, and Wayne Hansen. (Hansen and McMurray were employees of Elkins at the time of the explosion.) In their complaint, plaintiffs contend that defendants were negligent in allowing Waver Padgett to begin welding in an atmosphere defendants knew to be rich in oxygen.

Defendants CH2M Hill and Yorton subsequently moved for summary judgment. Defendants assert that "Georgia law provides that a party who did not have responsibility for the safety of a construction site cannot be held liable for negligence regarding site safety." (Defs.' Br. at 4.) Plaintiffs have responded to defendants' motion, and the motion is now before the court for decision.

### DISCUSSION

In *Yow v. Hussey, Gay, Bell & DeYoung,* 201 Ga.App. 857, 412 S.E.2d 565 (1991), the Georgia Court of Appeals held: "In the absence of the contractual right or responsibility to supervise and control the construction work including site safety, the architect/engineer should incur no liability for injuries to workmen proximately caused by ordinary negligence at the site." *Yow,* 201 Ga.App. at 858, 412 S.E.2d at 566–67; *see also Henry Roy Portwood, Inc. v. Smith,* 207 Ga.App. 748, 429 S.E.2d 143 (1993). "The logic be-

hind such a rule is that one should not be held responsible for that over which one does not exercise control." *Yow*, 201 Ga.App. at 858, 412 S.E.2d at 566–67. According to the court of appeals, "the threshold determination is the scope of [the engineer's] contractual obligations on the project." *Id.* at 859, 412 S.E.2d at 567. If the contract, viewed as a whole, shows that the engineer did not maintain control over or responsibility for job-site safety, then the engineer cannot be held liable in tort for claims of "common law simple negligence regarding site safety." *Id.* at 861, 412 S.E.2d at 568.[2]

In *Yow*, the Georgia Court of Appeals found that contract provisions remarkably similar to those in the case *sub judice* placed the obligation for job-site safety on the project contractor, not the project engineer.[3] *Id.* at 859–60, 412 S.E.2d at 567–68. Accordingly, the court held that the project engineer did not have a duty to maintain or supervise job-site safety. *Id.* at 861, 412 S.E.2d at 568.[4] Likewise, in the case at bar, the contract provisions clearly place the responsibility for job-site safety on the contractor Elkins. Therefore, in accordance with the decision in *Yow*, defendants CH2M Hill and Roger Yorton owed no duty to Waver Padgett to ensure job-site safety. Defen-

dants CH2M Hill and Roger Yorton's motion for summary judgment is **GRANTED.**

**SO ORDERED.**

---

2. Plaintiffs contend that this is not a case of "simple negligence regarding site safety," but a case of professional malpractice. Accordingly, plaintiffs assert that the decision in *Yow* is not applicable. In support of their contention, plaintiffs have attached the affidavit of Kerry Wilcoxon, an engineer, to their response to defendants' motion for summary judgment. In *Yow*, however, the Georgia Court of Appeals held that "[l]iability for the negligent performance of supervisory duties is separate and distinct from any liability for negligently performing the actual building or design." *Yow*, 201 Ga.App. at 858, 412 S.E.2d at 566. In the case *sub judice*, plaintiffs seek to hold defendants CH2M Hill and Roger Yorton liable for "negligent performance of supervisory duties," not for negligence in performing their professional duties. Although plaintiffs may have cast their case in the guise of professional malpractice, it is in reality one of simple negligence. Therefore, the decision in *Yow* is applicable and controls the disposition of plaintiffs' claim.

3. For example, the provisions in *Yow* provide, in part:

§ 2.2.2 The Architect will visit the site at intervals appropriate to the stage of construction

to familiarize himself generally with the progress and quality of the Work and to determine in general if the Work is proceeding in accordance with Contract Documents. However, the Architect will not be required to make exhaustive or continuous on-site inspections to check the quality or quantity of the Work.... § 2.2.4 The Architect will not be responsible for and will not have control or charge of construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work....

10.1.1 The Contractor shall be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with the Work.
*Yow*, 201 Ga.App. at 858, 412 S.E.2d at 567–68.

4. Further, in *Henry Roy Portwood Inc. v. Smith*, 207 Ga.App. 748, 429 S.E.2d 143 (1993), the Georgia Court of Appeals held that "knowledge of a danger does not create a duty to one injured by the danger when responsibility for construction site supervision and control are contractually designated to another party." *Smith*, 207 Ga. App. at 751, 429 S.E.2d at 145.